IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **TERRY RIVERA,** | ) | **1:10-CV-01015 AWI GSA** |
| | ) | |
| **Plaintiff,** | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTION TO** |
| **v.** | ) | **DISMISS** |
| | ) | |
| **DENNIS SMITH, et al.,** | ) | **[Doc. #28]** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## INTRODUCTION

This lawsuit arises from the killing of Correctional Officer Jose Rivera ("Officer Rivera") by two inmates at the United States Penitentiary in Atwater, California ("USP Atwater").  On June 7, 2010, Plaintiff Terry Rivera, mother of Officer Rivera, filed a Complaint against numerous federal employees, alleging claims under the Fifth Amendment of the United States Constitution.  Defendants filed a Motion to Dismiss on January 4, 2011, arguing that Plaintiff's Complaint should be dismissed under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has not filed an opposition to Defendant's Motion to Dismiss, but instead filed a First Amended Complaint ("FAC") on February 22, 2010.  For the reasons that follow, the motion will be granted.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack

1 of subject matter jurisdiction.  "It is a fundamental precept that federal courts are courts of

2 limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or

3 by Congress, must not be disregarded nor evaded."  Owen Equip. & Erection Co. v. Kroger, 437

4 U.S. 365, 374 (1978).  A challenge to jurisdiction "can be either facial, confining the inquiry to

5 allegations in the complaint, or factual, permitting the court to look beyond the complaint."

6 Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1039 n.2

7 (9th Cir. 2003).

8          Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

9 plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

10 dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

11 absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside

12 Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

13 Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are

14 taken as true and construed in the light most favorable to the non-moving party.  Marceau v.

15 Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075,

16 1077 (9th Cir. 1999).  The Court is not required "to accept as true allegations that are merely

17 conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec.

18 Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979,

19 988 (9th Cir. 2001).  As the Supreme Court has explained:

20          While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
           detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
21          'entitlement to relief' requires more than labels and conclusions, and a formulaic
           recitation of the elements of a cause of action will not do. Factual allegations must
22          be enough to raise a right to relief above the speculative level, on the assumption
           that all the allegations in the complaint are true (even if doubtful in fact).
23
   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
24
           To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter,
25
   accepted as true, to state a claim to relief that is plausible on its face[.]"  Telesaurus VPC, LLC v.
26
   Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  "In sum, for a complaint to
27

28                                                  2

1    survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

2    that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v.

3    United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

4          If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to

5    amend even if no request to amend the pleading was made, unless it determines that the pleading

6    could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494,

7    497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would

8    be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

9                                **ALLEGED FACTS**

10         Plaintiff is the surviving mother of Officer Rivera.  Complaint at ¶ 5.  Plaintiff sues

11   individually and as the Administrator of the Estate of Officer Rivera.  Id.

12         Officer Rivera was employed by the United States as a correctional officer at USP

13   Atwater. Id. at ¶ 4.  On June 20, 2008, Officer Rivera was murdered by two inmates at USP

14   Atwater. Id. at ¶ 19.  Officer Rivera was unmarried and without children at the time of his death.

15   Id. at ¶ 5.

16         The Complaint alleges that Defendants are federal employees and at all relevant times

17   were acting within the course and scope of their employment. Id. at ¶ 3.  The Complaint alleges

18   that Defendants were responsible for the creation of the dangerous conditions that led to Officer

19   Rivera's death, which violated Officer Rivera's Fifth Amendment rights. Id. at ¶¶ 48-49, 58.

20                                **DISCUSSION**

21         1.    Plaintiff's FAC

22         Rule 15(a) "provides that a party's right to amend as a matter of course terminates '21

23   days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

24   (e), or (f), whichever is earlier.'" Montz v. Pilgrim Films & Television, Inc., 606 F. 3d 1154,

25   1159 n.1 (9th Cir. 2010); Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its

26   pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

27

28                                         3

1   "If an amended pleading cannot be made as of right and is filed without leave of court or consent

2   of the opposing party, the amended pleading is a nullity and without legal effect." Primerica Life

3   Ins. Co. v. Davila, No. 1:10-CV-1924 AWI SMS, 2011 WL 643395, at *2 (E.D. Cal. Feb. 17,

4   2011) (citations omitted).

5           In this case, Plaintiff had 21 days to amend her Complaint after Defendants filed their

6   Motion to Dismiss on January 4, 2011.  Plaintiff's FAC was filed beyond the 21 days on

7   February 22, 2011.  Defendants did not consent to the filing of Plaintiff's FAC and Plaintiff did

8   not receive leave from this Court.  Therefore, Plaintiff's FAC was filed in violation of Rule 15

9   and is without legal effect.  Plaintiff's FAC is stricken from the record.

10          2.      Plaintiff's standing to sue in her individual capacity

11          Plaintiff has filed suit against Defendants in her individual capacity and as Administrator

12  of the Estate of Officer Rivera.  Complaint at ¶ 5.  In the Complaint, Plaintiff alleges that

13  Defendants violated the constitutional rights of Officer Rivera, but does not allege how her own

14  constitutional rights were violated by Defendants.  Defendants contend that Plaintiff lacks

15  standing to sue in her individual capacity.  Motion at 6:18-19.

16          The Supreme Court has stated that "[i]n the ordinary course, a litigant must assert his or

17  her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests

18  of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991).  Therefore, "[a]s a general rule, a

19  third party does not have standing to bring a claim asserting a violation of someone else's rights."

20  Martin v. California Dep't of Veterans Affairs, 560 F.3d 1042, 1050 (9th Cir. 2009) (citation

21  omitted).

22          Plaintiff is resting her individual claim to relief on the legal rights and interests of Officer

23  Rivera.  Therefore, the Court holds that Plaintiff, in her individual capacity, does not have

24  standing to bring a claim asserting a violation of Officer Rivera's rights.

25          3.      Bivens Liability

26          Plaintiff, on behalf of Officer Rivera, alleges that Defendants violated Officer Rivera's

27

28                                                    4

Fifth Amendment Rights when they contributed to the dangerous conditions that resulted in his death.  Complaint at ¶¶ 51-58.

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980).  The <u>Bivens</u> case "held that the victim of a Fourth Amendment violation by federal officers had a claim for damages[.]"  <u>Wilkie v. Robbins</u>, 551 U.S. 537, 549 (2007).  Since <u>Bivens</u>, the Supreme Court has recognized an implied private right of action against federal officials for employment discrimination in violation of the Due Process Clause of the Fifth Amendment and for cruel and unusual punishment in violation of the Eighth Amendment.  <u>Davis v. Passman</u>, 551 U.S. 537 (1979); <u>Carlson</u>, 446 U.S. at 14.  However, since <u>Carlson</u>, the Supreme Court has "consistently refused to extend <u>Bivens</u> liability to any new context or category of defendants."[1]  <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 68 (2001).

A court's decision whether to recognize a <u>Bivens</u> remedy requires a two-step analysis.  <u>Wilkie</u>, 551 U.S. at 550.  First, "there is the question whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."  <u>Id.</u>  "Such an alternative remedy would raise the inference that Congress expected the Judiciary to stay its <u>Bivens</u> hand and refrain from providing a new and freestanding remedy in damages."  <u>W. Radio Servs. Co. v. United States Forest Serv.</u>, 578 F.3d 1116, 1120 (9th Cir. 2009) (internal quotations marks and citation omitted).  Second, if there is no alternative remedy, courts must look to whether there are "any special factors counseling hesitation before authorizing a new kind of federal litigation."  <u>Wilkie</u>, 551 U.S. at 550.

---

[1]     See <u>Bush v. Lucas</u>, 462 U.S. 367 (1983); <u>Chappell v. Wallace</u>, 462 U.S. 296 (1983); <u>United States v. Stanley</u>, 483 U.S. 669 (1987); <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988); <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471 (1994).

1    For example, in Bush v. Lucas, 462 U.S. 367 (1983), the Supreme Court was asked to

2 determine whether a federal employee had an implied private right of action under Bivens for the

3 alleged violation of his First Amendment rights by his superiors.  The Supreme Court held that

4 there was no implied private right of action, stating that "because the claims arise out of an

5 employment relationship that is governed by comprehensive procedural and substantive

6 provisions giving meaningful remedies against the United States, we conclude that it would be

7 inappropriate for us to supplement that regulatory scheme with a new judicial remedy."  Id. at

8 368.  The Supreme Court emphasized that "Constitutional challenges to agency action, such as

9 the First Amendment claims raised by [the employee], are fully cognizable within this system"

10 and provide "meaningful remedies for employees who may have been unfairly disciplined for

11 making critical comments about their agencies."  Id. at 386.

12    In this case, similar to Bush, the claims arise out of an employment relationship that is

13 governed by comprehensive procedural and substantive provisions.  Under the Federal

14 Employees' Compensation Act ("FECA"), the "United States shall pay compensation as

15 specified by this subchapter for the disability or death of an employee resulting from personal

16 injury sustained while in the performance of his duty[.]"  5 U.S.C. § 8102(a).  "If death results

17 from an injury sustained in the performance of duty, the United States shall pay a monthly

18 compensation equal to a percentage of the monthly pay of the deceased employee . . . [t]o the

19 parents, if there is no widow, widower, or child[.]"  5 U.S.C. § 8133(a)(4).

20    The liability of the United States under FECA "is exclusive and instead of all other

21 liability of the United States . . . to the employee, his legal representative, spouse, dependents,

22 next of kin, and any other person otherwise entitled to recover for damages from the United

23 States . . . because of the injury or death . . . in a civil action[.]"  5. U.S.C. § 8116(c).  Thus,

24 under FECA, federal employees and their survivors are "guaranteed the right to receive

25 immediate, fixed benefits, regardless of fault and without need for litigation, but in return they

26 lose the right to sue the Government."  Lockheed Aircraft v. United States, 460 U.S. 190, 194

27

28                                          6

1  (1983).[2]

2       Congress, through the enactment of FECA, has created an alternative remedy in order to

3  protect the interests of federal employees and their families when the employee is injured or dies

4  while in the performance of duty.  Therefore, it would be inappropriate for this Court to

5  supplement this regulatory scheme with a new judicial remedy under <u>Bivens</u>.  Accordingly,

6  Defendants' Motion to Dismiss the Complaint is GRANTED.  Since amendment would be futile,

7  dismissal is with prejudice and without leave to amend.

8

9                  **CONCLUSION**

10       IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint is

11  GRANTED with prejudice and without leave to amend.

12

13  IT IS SO ORDERED.

14

15  Dated:   March 15, 2011            _____

                            CHIEF UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24  _____

25      [2]    In addition to FECA, Congress has enacted the Public Safety Officers' Benefits Act ("PSOBA"), which provides for an additional payment to family members of a federal public

26  safety officer that dies in the line of duty.  42 U.S.C. § 3796.  Specifically, PSOBA states that in "any case in which the Bureau of Justice Assistance . . . determines . . . that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of

27  duty, the Bureau shall pay a benefit of \$250,000" to eligible survivors.  <u>Id.</u>

28                        7