IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RIVERA,<br><br>               Plaintiff,<br><br>     v.<br><br>DENNIS SMITH, et al.,<br><br>               Defendants. | 1:10-CV-01015 AWI GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR NEW TRIAL<br><br>[Doc. #37] |

## INTRODUCTION

This lawsuit arose from the killing of Correctional Officer Jose Rivera ("Officer Rivera") by two inmates at the United States Penitentiary in Atwater, California. On June 7, 2010, Plaintiff Terry Rivera, surviving mother of Officer Rivera, filed a Complaint against numerous federal employees, alleging claims under the Fifth Amendment of the United States Constitution. Plaintiff brought her claims in her individual capacity and as Administrator of the Estate of Officer Rivera.

On January 4, 2011, Defendants moved to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not file an opposition to Defendants' motion to dismiss, but instead filed an untimely First Amended Complaint ("FAC") on February 22, 2010. The Court granted Defendants' motion to dismiss on March 15, 2011. In the March 15, 2011 order, the Court (1) struck Plaintiff's FAC from the record because it was

filed in violation of Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure; (2) concluded that Plaintiff, in her individual capacity, lacked sanding to bring a claim asserting a violation of Officer Rivera's constitutional rights; and (3) held that <u>Bivens</u> relief was inappropriate for the alleged constitutional violation of Officer Rivera because of Congress' enactment of the Federal Employees' Compensation Act.  In accordance with the March 15, 2011 order, the Court entered a final judgment.

On April 8, 2011, Plaintiff filed a motion for relief from judgment or, in the alternative, motion for new trial.  For the reasons that follow, the motion will be denied.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; and (6) any other reason justifying relief.  A court may correct an error of law under Rule 60(b)(1).  <u>Liberty Mut. Ins. Co. v. Equal Emp't Opportunity Comm'n</u>, 691 F.2d 438, 441 (9th Cir. 1982).

Rule 59 of the Federal Rules of Civil Procedure provides that a court may order a new trial following a jury or nonjury trial.  <u>See</u> Fed. R. Civ. P. 59(a)(1)(A) and (B).  Rule 59 does not specify the grounds on which a motion for a new trial may be granted.  <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1035 (9th Cir. 2003).  Rather, a court is "bound by those grounds that have been historically recognized."  <u>Id.</u>

## DISCUSSION

1.     Motion for Relief from Judgment

    A.     Standing

Plaintiff argues that the Court's conclusion regarding Plaintiff's standing to bring an individual claim was erroneous.  Motion at 2:13-14.  Citing to <u>Ward v. City of San Jose</u>, 967

2

F.2d 280, 283 (9th Cir. 1992), Plaintiff contends that she has standing to sue individually for a violation of her constitutionally protected liberty interest in the companionship and society of her son.  Id. at 2:15-17.

Article III standing requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  The plaintiff bears the burden of showing that he has standing for each type of relief sought.  City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983).

The Court's conclusion that Plaintiff lacked standing to bring an individual claim was legally correct.  In the Complaint, Plaintiff alleged that she was suing individually and as the Administrator of the Estate of Officer Rivera.  Complaint at ¶ 5.  Plaintiff's Complaint, however, only alleged a violation of Officer Rivera's Fifth Amendment Rights.  Id. at ¶ 58.  Thus, Plaintiff failed to meet her burden on her individual claim because she rested her individual claim to relief on the legal rights and interests of Officer Rivera.

Plaintiff correctly cites to Ward for the legal proposition that parents have a constitutionally protected interest in the companionship and society of their children.  In this case, Plaintiff's Complaint did not assert a violation of her parental rights or seek damages to compensate her for the loss of her son's companionship and society.  As stated above, Plaintiff only alleged and sought relief for violations of Officer Rivera's Fifth Amendment rights. Accordingly, Plaintiff's motion for relief from judgment based on an error of law is DENIED.

B.    Bivens

In the motion for relief from judgment, Plaintiff asserts that the violation of her constitutional parental rights should be remedied under a Bivens action.  Motion at 4:4-5. Even assuming Plaintiff asserted a deprivation of her parental rights in the Complaint, she is incorrect that a Bivens remedy is appropriate.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971), the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980). Specifically, the Bivens case "held that the victim of a Fourth Amendment violation by federal officers had a claim for damages[.]" Wilkie v. Robbins, 551 U.S. 537, 549 (2007). Since Bivens, the Supreme Court has recognized an implied private right of action against federal officials for employment discrimination in violation of the Due Process Clause of the Fifth Amendment and for cruel and unusual punishment in violation of the Eighth Amendment. Davis v. Passman, 551 U.S. 537 (1979); Carlson, 446 U.S. at 14. However, since Carlson, the Supreme Court has "*consistently refused* to extend Bivens liability to any new context or category of defendants."[1] Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001) (emphasis added).

A court's decision whether to recognize a Bivens remedy requires a two-step analysis. Wilkie, 551 U.S. at 550. First, "there is the question whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." Id. "Such an alternative remedy would raise the inference that Congress expected the Judiciary to stay its Bivens hand and refrain from providing a new and freestanding remedy in damages." W. Radio Servs. Co. v. United States Forest Serv., 578 F.3d 1116, 1120 (9th Cir. 2009) (internal quotation marks and citation omitted). The Supreme Court has explained that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." Chilicky, 487 U.S. at 423. Courts should refrain "from creating a judicially implied remedy even when the available statutory remedies do not provide complete relief for a plaintiff that has suffered a constitutional violation." W. Radio Servs. Co., 578 F.3d

---

[1] See Bush v. Lucas, 462 U.S. 367 (1983); Chappell v. Wallace, 462 U.S. 296 (1983); United States v. Stanley, 483 U.S. 669 (1987); Schweiker v. Chilicky, 487 U.S. 412 (1988); Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471 (1994).

4

at 1120 (internal quotation marks and citation omitted).  "So long as the plaintiff has an avenue of redress, bedrock principles of separation of powers forecloses judicial imposition of a new substantive liability." Corr. Servs. Corp., 534 U.S. at 69.

Second, if a court cannot infer that Congress intended a statutory remedial scheme to take the place of a judge-made remedy, the court must look to whether there are "any special factors counseling hesitation before authorizing a new kind of federal litigation." Wilkie, 551 U.S. at 550.

The Court can resolve the issue in the first step of the Bivens analysis.  In order to provide death benefits to the survivors of public safety officers, Congress enacted the Public Safety Officers' Benefit Act ("PSOBA"), which states that in "any case in which the Bureau of Justice Assistance . . . determines . . . that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of duty, the Bureau shall pay a benefit of $250,000" to eligible survivors.  See 42 U.S.C. § 3796.[2]  The purpose of PSOBA is to provide a "Federal Death benefit to the survivor or survivors of a public safety officer whose death was in

---

[2]  Parents are eligible to recover under PSOBA pursuant to 42 U.S.C. § 3796(a)(5):

(a) Amount; recipients
In any case in which the Bureau of Justice Assistance . . . determines . . . that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of duty, the Bureau shall pay a benefit of $250,000 . . . as follows:

(1) if there is no surviving child of such officer, to the surviving spouse of such officer; (2) if there is a surviving child or children and a surviving spouse, one-half to the surviving child or children of such officer in equal shares and one-half to the surviving spouse; (3) if there is no surviving spouse, to the child or children of such officer in equal shares; (4) if there is no surviving spouse or surviving child -- (A) in the case of a claim made on or after the date that is 90 days after January 5, 2006, to the individual designated by such officer as beneficiary under this section in such officer's most recently executed designation of beneficiary on file at the time of death with such officer's public safety agency, organization, or unit, provided that such individual survived such officer; or (B) if there is no individual qualifying under subparagraph (A), to the individual designated by such officer as beneficiary under such officer's most recently executed life insurance policy on file at the time of death with such officer's public safety agency, organization, or unit, provided that such individual survived such officer; or (5) if none of the above, to the *parent or parents* of such officer in equal shares.

the line of duty from injuries directly and proximately caused by a criminal act or an apparent criminal act." <u>See</u> S. Rep. No. 94-816, at 1 (1976) (Conf. Rep.).  The Senate Report accompanying the enactment of PSOBA explains:

> We cannot ask decent, hard-working men to face the constant risk of death in the line of duty and then ignore their rightful request that their families be protected from financial calamity.
>
> The motivation for this legislation is obvious: The physical risks to public safety officers are great; the financial and fringe benefits are not usually generous; and the officers are generally young with growing families and heavy financial commitments.  The economic and emotional burden placed on the survivors of a deceased public safety officer is often very heavy.

<u>Id.</u> at 1-2.  The Senate Report specifically noted that during 1974 "ten officers were killed while transporting or otherwise engaged in custody of prisoners." <u>Id.</u> at 2.

Plaintiff is arguing that a <u>Bivens</u> action is available to the survivors of a public safety officer if federal officials created the danger that allowed the criminal act against the officer. <u>Motion</u> at 5:22-24.  However, by enacting PSOBA, Congress specifically created an alternative process for the survivors of public safety officers to recover when the officer has been killed by a criminal act.[3]  Congress made clear that PSOBA was enacted because the survivors of a public safety officers often face a very heavy "economic and emotional burden."  Thus, it would be inappropriate for this Court to supplement PSOBA with a new judicial remedy under <u>Bivens</u>. Moreover, creating a <u>Bivens</u> remedy in this case would be inconsistent with the Supreme Court's mantra of consistently refusing to extend <u>Bivens</u> liability to any new context or category of defendants.  Therefore, even assuming Plaintiff alleged a deprivation of her parental rights in the Complaint, a <u>Bivens</u> remedy would be unavailable.

---

[3] In addition to PSOBA, surviving parents of federal employees can recover under the Federal Employees' Compensation Act in certain circumstances.  If a federal employee dies "from an injury sustained in the performance of duty, the United States shall pay a monthly compensation equal to a percentage of the monthly pay of the deceased employee . . . [t]o the parents, if there is no widow, widower, or child[.]"  5 U.S.C. § 8133(a)(4).  Parents are eligible to recover if they were either wholly dependent or partially dependent on the deceased federal employee.  5 U.S.C. § 8133(a)(4)(a)-(c).

      C.      Inadvertence and excusable neglect of Plaintiff's counsel

Plaintiff's remaining argument is that relief from judgment is warranted because the Court's judgment resulted from the inadvertence and excusable neglect of Plaintiff's counsel. Motion at 9:1-3. Plaintiff contends that the Court's error regarding Plaintiff's standing to bring an individual claim was "the result of the failure to timely file the opposition to the motion to dismiss." Id. at 12:8-9. As discussed earlier in this order, the Court's conclusion regarding Plaintiff's standing to bring an individual claim was legally correct and was not based on Plaintiff's failure to file an opposition. The Court based its decision on the fact that Plaintiff rested her individual claim to relief on the legal rights and interests of Officer Rivera.

It is possible that Plaintiff is arguing that the Court would have granted Plaintiff leave to amend in order to file an individual claim if not for her counsel's inadvertence and excusable neglect. However, this argument is unavailing in light of the Court's conclusion that a Bivens claim would be unavailable even assuming Plaintiff alleged a deprivation of her parental rights in the Complaint. Accordingly, Plaintiff's motion for relief from judgment based on the inadvertence and excusable neglect of Plaintiff's counsel is DENIED.

2.      Motion for New Trial

In the alternative, Plaintiff argues that a new trial should be granted based on the Court's error of law with respect to Plaintiff's standing to bring an individual claim. As stated above, the Court committed no error of law. In addition, the Court may grant a new trial under Rule 59 of the Federal Rules of Civil Procedure only after a jury or nonjury trial. See Fed. R. Civ. P. 59(a)(1)(A) and (B). In this case, there has been no jury or nonjury trial. Accordingly, Plaintiff's motion for new trial is DENIED.

/ / /

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment and motion for new trial are DENIED.

IT IS SO ORDERED.

Dated:   May 13, 2011

CHIEF UNITED STATES DISTRICT JUDGE